UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUBB INSURANCE AUSTRALIA LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ACCELLION, INC.,<br><br>　　　　　Defendant. | Case No. 22-cv-09078-JST<br><br>**ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(3) TO A MOTION TO DISMISS PURSUANT TO FORUM NON CONVENIENS AND REQUESTING SUPPLEMENTAL BRIEFING**<br><br>Re: ECF No. 15 |

　　　　Before the Court is Defendant Accellion, Inc.'s ("Accellion") motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.  ECF No. 15.

　　　　Chubb Insurance Australia Limited ("Chubb") brings claims, as subrogee of insured Australian law firm (the "Insured"), against Accellion, for (1) breach of contract; (2) declaratory judgment for contractual indemnification; and (3) negligence.  ECF No. 1.  Chubb's claims are based on two agreements between the Insured and Accellion: a file transfer agreement and a letter agreement.  ECF No. 1 ¶¶ 6–46.

　　　　Accellion and the Insured entered into the file transfer agreement on October 14, 2011.  ECF No. 1 ¶¶ 8–9.  The file transfer agreement contains the following forum selection clause: "The Parties irrevocably submit to the exclusive personal jurisdiction and venue of the state and federal courts located in Santa Clara County in the State of California" (the "California Forum Selection Clause").  ECF No. 1-1 at 12.

　　　　The Insured, Accellion, and Accellion Pte Limited ("APL") entered into the letter agreement on August 10, 2020.  ECF No. 1-4 at 2.  The letter agreement states, in relevant part, that: (1) "APL is to be substituted for [Accellion] under [the file transfer agreement] and will

1  assume all obligations and liabilities of [Accellion]"; (2) Accellion "guarantees performance of all
2  obligations by APL" under the file transfer agreement; and (3) "[e]xcept as expressly set out in
3  [the letter agreement], all other terms and conditions of the file transfer agreement are unchanged
4  and continue in full force and effect"; and (4) it "contains the entire understanding of the Parties as
5  to its subject matter and supersedes all prior understandings written or otherwise." *Id.*  The letter
6  agreement also contains a forum selection clause that states: "This Agreement is governed by the
7  laws of New South Wales, Australia, and the Parties agree to be subject to the exclusive
8  jurisdiction of those courts" (the "Australia Forum Selection Clause").  *Id.*

9  The parties dispute whether Accellion's motion pursuant to Rule 12(b)(3) is the proper
10 mechanism by which to enforce a forum selection clause, and which of the forum selection
11 clauses—the one in the file transfer agreement or the one in the letter agreement—applies to this
12 action.  *Compare* ECF No. 15 at 14–16 *with* ECF No. 16 at 2–8.

13 The Court must first determine which forum selection clause applies.  *See In re Cathode*
14 *Ray Tube (CRT) Antitrust Litig.*, No. CV 07-5944 SC, 2014 WL 2581581, at *3 (N.D. Cal. June 9,
15 2014) ("[T]he Court's task is, first, to decide the [forum selection] clause's scope and
16 applicability, and, second, to determine whether the clause applies to the behavior at issue.").
17 Accellion argues that the Australia Forum Selection applies because the letter agreement was a
18 novation of the file transfer agreement.  ECF No. 15 at 9–10, 14.  Despite referring to the letter
19 agreement as a "Novation Agreement" in the complaint, ECF No. 1 ¶¶ 10, 44–46, Chubb now
20 argues that the letter agreement was only a modification of the file transfer agreement, and the
21 Australia Forum Selection Clause does not supersede the California Forum Selection Clause.  ECF
22 No. 16 at 5–6.

23 "Novation is the substitution of a new obligation for an existing one."  Cal. Civ. Code
24 § 1530.  "Whereas a modification of a term or a provision of a contract alters only certain portions
25 of the contract, novation wholly extinguishes the earlier contract."  *Fanucchi & Limi Farms v.*
26 *United Agri Prod.*, 414 F.3d 1075, 1081 (9th Cir. 2005) (applying California law).  "Essential to a
27 novation is that it 'clearly appear' that the parties intended to extinguish rather than merely modify
28 the original agreement."  *Howard v. Cnty. of Amador*, 220 Cal. App. 3d 962, 977 (1990).

United States District Court
Northern District of California

Whether novation has occurred is a question of intention, "with the controlling factor being the intent of the obligee to effect a release of the original obligor on his obligation under the original agreement." *Alexander v. Angel*, 37 Cal. 2d 856, 860 (1951). "[F]or there to be a valid novation, it is necessary that the parties intend that the rights and obligations of the new contract be substituted for the terms and conditions of the old contract." *Wade v. Diamond A Cattle Co.*, 44 Cal. App. 3d 453, 457 (1975). "In every novation there are four essential requisites: First, a previous valid obligation; second, the agreement of all the parties to the new contract; third, the extinguishment of the old contract; and fourth, the validity of the new one." *Airs Int'l, Inc. v. Perfect Scents Distributions, Ltd.*, 902 F. Supp. 1141, 1147 (N.D. Cal. 1995) (citations omitted). "The burden of proof is on the party asserting that a novation has been consummated." *Howard v. County of Amador*, 220 Cal. App. 3d 962, 977 (1990).

Here, the Court finds that the letter agreement constitutes a novation of Accellion's obligations under the file transfer agreement. First, the file transfer agreement was a previous valid agreement between Accellion and the Insured. Second, Accellion, the Insured, and APL all entered into the new letter agreement. Third, the letter agreement clearly meant to extinguish Accellion's obligations under the file transfer agreement. Specifically, the letter agreement states that "APL is to be substituted for [Accellion] under [the file transfer agreement] and will assume all the obligations and liabilities of" Accellion. ECF No. 1-4 at 2. While the letter agreement does state that the "substitution" of APL for Accellion was "undertaken on the basis that [Accellion] guarantees performance of all obligations by APL under" the file transfer agreement and that Accellion "agrees to indemnify [the Insured] . . . against all liabilities arising out of a failure or delay of APL to perform any obligations under" the file transfer agreement, these new obligations for Accellion are the subject of the letter agreement, not the file transfer agreement. In other words, "the rights and obligations" Accellion owes to the Insured under the letter agreement were intended to "be substituted for" the rights and obligations it owed to the Insured under the file transfer agreement. *Wade*, 44 Cal. App. 3d at 457. Finally, the parties agree that the letter agreement is a valid contract. *See* ECF No. 1 ¶¶ 43–46 (plaintiff's cause of action seeking to enforce the letter agreement).

3

1    Therefore, the letter agreement constitutes a novation.  Because Accellion's rights and
2 obligations under the file transfer agreement have been extinguished, and the letter agreement
3 controls any rights and obligations that Accellion owes to the Insured, the Australia Forum
4 Selection Clause applies to Chubb's claims against Accellion.

5    Although Accellion is correct that the letter agreement forum selection clause applies,
6 Chubb is right that a motion to dismiss pursuant to Rule 12(b)(3) is not the appropriate means by
7 which to enforce that clause.  Rule 12(b)(3) "authorize[s] dismissal only when venue is 'wrong' or
8 'improper' in the forum in which it was brought."  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W.*
9 *Dist. of Tex.*, 571 U.S. 49, 55 (2013).  Here, because there is no dispute that Accellion maintains
10 its headquarters in the Northern District of California, *see* ECF No. 1 ¶ 2, venue is proper in this
11 district.  28 U.S.C. § 1391(b).  Thus, a motion pursuant to Rule 13(b)(3) is ineffective.  Instead,
12 "the appropriate way to enforce" a forum selection clause "is through the doctrine of forum non
13 conveniens."  *Atl. Marine Constr. Co.*, 571 U.S. at 60.

14    In the interest of efficiency, the Court therefore converts Accellion's motion to dismiss
15 pursuant to Rule 12(b)(3) to a motion to dismiss on forum non conveniens grounds.  *See Mechanix*
16 *Wear, Inc. v. Performance Fabrics, Inc.*, No. 2:16-cv-09152-ODW (SS), 2017 WL 3081687, at *1
17 (C.D. Cal. Jan. 10, 2017) (converting the defendant's Rule 12(b)(3) motion into a forum non
18 conveniens motion).  Given that a court may "transfer a case sua sponte under the doctrine of
19 forum non conveniens . . . , so long as the parties are first given the opportunity to present their
20 views on the issue," *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986), it follows that the
21 Court has the authority to convert the motion in this manner.

22    Because the parties have not fully briefed the question of whether the forum non
23 conveniens doctrine applies in this case, however, *see* ECF Nos. 15–17, the Court requires
24 additional briefing.  The parties shall file supplemental briefs of no more than six pages addressing
25 / / /
26 / / /
27 / / /
28 / / /

4

the doctrine of forum non conveniens by September 13, 2023.  The Court will take Accellion's motion to dismiss under submission at that time.

**IT IS SO ORDERED.**

Dated:  September 1, 2023



JON S. TIGAR
United States District Judge